Tareque Aziz AHMED, Petitioner–
Appellant,

v.

Michael MAHONEY, Respondent–
Appellee.

No. 00–35818.
D.C. CV–98–0004–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided Aug. 31, 2001.

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

### MEMORANDUM *

The State of Montana appeals the district court's order granting Tareque Aziz Ahmed's petition under 28 U.S.C. § 2254 for a writ of habeas corpus setting aside his conviction for aggravated kidnaping and felony assault. We have jurisdiction pursuant to 28 U.S.C. § 2253. We consider the petition de novo, *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000), and reverse.

■ We reject Ahmed's argument that the appeal is moot because he has been deported to Bangladesh. The possibility that Ahmed may re-enter this country forecloses the argument. *See United States v. Villamonte–Marquez,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983); *United States v. Valdez–Gonzalez,* 957 F.2d 643, 647 (9th Cir.1992). The state's strong interest in preserving the convictions it has obtained also prevents the case from being rendered moot. *See Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 1582, 149 L.Ed.2d 590 (2001).[2]

■ Ahmed argues he is entitled to habeas relief because the Montana Supreme Court's holding that the trial court cured its violation of his Fifth Amendment rights was an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

The Montana Supreme Court's apparent determination that Ahmed's Fifth Amendment rights were violated by the trial court's questions on his immigration status was not an unreasonable application of federal law. *See United States v. Balsys,* 524 U.S. 666, 671, 118 S.Ct. 2218, 141 L.Ed.2d 575 (1998). However, the Montana Supreme Court did not conduct harmless error review. This court must therefore make an independent inquiry to determine whether the constitutional error had a "substantial and injurious effect" in determining the verdict. *Bains v. Cambra,* 204 F.3d 964, 977 (9th Cir.2000).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**2.** We also reject Ahmed's argument that the case should be considered moot for equitable reasons. The state did nothing to effect Ahmed's deportation other than stipulate to the conditions of his release. Ahmed was deported because he was subject to a valid, outstanding deportation order and an INS detainer. Ahmed's reliance on the fugitive disentitlement theory is also without merit. *See Parretti v. United States,* 143 F.3d 508, 511

(9th Cir.1998) (en banc) (*defendant's* appeal will not be heard when *defendant* flees the country as a fugitive). Finally, we reject the contention that the state is estopped from arguing that the appeal is not moot because it stated in earlier proceedings that it would be "impossible to reacquire custody" of Ahmed if he were deported. We agree with the state that this statement reflected the fact there is no extradition treaty with Bangladesh. It does not estop the state from arguing the appeal is not moot because Ahmed could voluntarily re-enter the country.

Each finding of fact that Ahmed points to as relying on the stricken testimony was independently supported by the admissible testimony of INS Agent Sprekelmeyer and Ahmed's college transcripts. The conclusions of law challenged by Ahmed as relying on the stricken testimony are similarly supported by admissible evidence. In particular, substantial, independent evidence supported the trial court's conclusion on the issue of flight. Because the findings and conclusions were independently supported, the violation of Ahmed's Fifth Amendment rights did not have a substantial and injurious effect in determining the verdict. *See Kotteakos v. United States,* 328 U.S. 750, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) (no substantial and injurious effect on verdict if "the judgment was not substantially swayed by the error."). The Montana Supreme Court determination that the trial court cured its error was not, therefore, contrary to or an unreasonable application of federal law.

■ Ahmed also argues he is entitled to habeas relief because the Montana Supreme Court's holding that the trial court was not biased was an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). "[A] state court factual determination is unreasonable if it is so clearly incorrect that it would not be debatable among reasonable jurists." *Jeffries v. Wood,* 114 F.3d 1484, 1500 (9th Cir.1997), *overruled on other grounds by Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

■ To succeed on his judicial bias claim, Ahmed must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). Bias can "almost never" be demonstrated solely on the basis of a judicial ruling. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). A judge's remarks or opinions will not demonstrate bias unless they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Ahmed puts forth four factual bases to support his bias claim. None has merit.

■ Ahmed first argues the trial court was biased because it questioned Ahmed about his immigration status and showed a general "preoccupation with immigration issues." Ahmed's immigration status bears no immediately obvious relevance to the charge of aggravated kidnaping. However, the findings by the trial court on the immigration issue precisely mirrored the prosecution's theory of the case (however wrongheaded it may have been). For this reason, we cannot hold that the Montana Supreme Court's rejection of this basis for Ahmed's bias claim was "so clearly incorrect that it would not be debatable among reasonable jurists."

■ Ahmed next claims that the trial court was influenced by irrelevant evidence about the sexual relationship between Ahmed and the victim. This federal claim, however, was not properly exhausted: in state court, he merely argued that consideration of this evidence violated state law. *See Duncan v. Henry,* 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (requiring federal claims to be "fairly presented" in state court); *see also Hivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999). Even if this federal claim were exhausted, neither of the trial court's findings of facts on this issue would support it. Ahmed's controlling nature, and his obsessive, threatening behavior which extended to his sexual domination of the victim, were well-documented in the record. The victim testified that he raped her four times during the kidnaping. These particular sexual acts were clearly relevant as

the aggravating factor charged was the commission of rape during the course of the kidnaping. This basis for Ahmed's bias claim must be rejected.

Ahmed next argues that bias was demonstrated by the trial court's rejection of testimony of the foreign-born witnesses and acceptance of the testimony of American-born witnesses. The Montana Supreme Court rejected this claim. It held that the trial court, in its unique position to make credibility determinations, properly accepted the testimony of the victim, which was amply corroborated by her co-workers, friends and the police, and rejected Ahmed's testimony as incredible. We agree that Ahmed's trial boiled down to a credibility determination. However it ruled, the trial court would have to accept the testimony of witnesses of one nationality and reject the testimony of witnesses of another nationality. Rejection of the defendant's testimony in these circumstances does not demonstrate bias. *See United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir.1978). Thus, the Montana Supreme Court's rejection of this basis for Ahmed's bias claim was not unreasonable.

Ahmed next argues that bias was demonstrated by the trial court's imposition of an illegal parole condition. There was no apparent legal justification for the parole condition. However, to prevail on this claim, Ahmed must overcome the presumption of correctness attached to the Montana court's holding that the parole condition was "illegal not because it is racist or biased, but because it does not take into consideration Ahmed's right to procedural due process before deportation." Ahmed's allegation that bias is "suggested" by the "inexplicable inconsistency" between the trial court's statements that Ahmed would be a good candidate for rehabilitation and the virtual banishment imposed by the parole condition falls short

of the "clear and convincing evidence" required by § 2254(e)(1). We reject this basis for his bias claim.

In sum, because Ahmed has failed to demonstrate that the Montana Supreme Court's determination that the trial court was not biased was "so clearly incorrect that it would not be debatable among reasonable jurists," *Jeffries v. Wood*, 114 F.3d at 1500, Ahmed is not entitled to habeas relief on this claim.

REVERSED.